[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16524
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20316-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO MARTINEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ricardo Martinez appeals his convictions after a jury trial on five counts of health-care fraud, in violation of 18 U.S.C. § 1347.  After careful review, we affirm.

Martinez owned Rima Medical Center (Rima), a company that provided care for Medicare patients.  Rima gave patients an injection, billed for a more expensive injection, and pocketed the difference.  Rima also billed for drugs it never administered.  The jury found Martinez guilty, and this is his appeal.

At trial, the district court instructed the jury, over Martinez's objection, that it could convict Martinez of health-care fraud if he was deliberately ignorant of the fraud's existence.  Martinez first contends that this instruction was improper.  We review the propriety of giving this instruction *de novo*.  *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993).  "A deliberate ignorance instruction is appropriate when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution."  *United States v. Perez-Tosta*, 36 F.3d 1552, 1564 (11th Cir. 1994) (omission and internal quotation marks omitted).

The district court properly instructed the jury on deliberate ignorance.  At trial, the government adduced evidence that Martinez had sole access to Rima's bank accounts and signed the agreement authorizing deposits into those accounts

2

for services Rima provided to Medicare beneficiaries. Rima billed about $1.7 million for the drugs it purportedly provided Medicare patients but spent less than $10,000 on those drugs. Rima actually received around $730,000 of the amount billed, about $531,000 of which was transferred to personal accounts owned by Martinez and his wife. From this evidence, the jury could easily have concluded that Martinez was nearly certain of Rima's fraud but deliberately turned a blind eye to it in an attempt to avoid criminal liability. Therefore, the district court correctly instructed the jury on deliberate ignorance. *See Perez-Tosta*, 36 F.3d at 1564.

Martinez also argues that the district court erred in limiting his cross-examination of Elizabeth Martin, a government witness. We review this claim for "a clear abuse of discretion," but the district court's discretion "is limited by the guarantee of the Sixth Amendment's Confrontation Clause that a criminal defendant has the right to cross-examine prosecutorial witnesses." *United States v. Maxwell*, 579 F.3d 1282, 1295 (11th Cir. 2009). "A defendant's confrontation rights are satisfied when the cross-examination permitted exposes the jury to facts sufficient to evaluate the credibility of the witness and enables defense counsel to establish a record from which he properly can argue why the witness is less than reliable." *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1371 (11th Cir. 1994).

During Martin's cross-examination, Martinez's counsel presented her with a photograph of a syringe and asked if the syringe contained thirty-eight milligrams of liquid, but Martin replied that she did not know. After counsel repeated the question four times, and Martin replied with the same answer, the district court stopped this line of questioning. Martinez argues that this denied him the ability to demonstrate Martin's evasiveness to the jury. But Martinez does not explain how further examination about the photo would have affected the jury's ability to assess Martin's credibility. Any evasiveness in her answers was already discernible to the jury. Thus, Martinez's confrontation rights were satisfied, and the district court acted well within its discretion in limiting Martinez's repetitive questioning.[1] *See id.* at 1370-71.

Because the district court did not err in instructing the jury or limiting the cross-examination of a government witness, Martinez's convictions are

**AFFIRMED.**

---

[1] Martinez raises two other arguments, but they also fail. Contrary to Martinez's argument, the district court did not err in refusing to admit the photo of the syringe into evidence because the photo had not been authenticated. *See* Fed. R. Evid. 901(a). Martinez also contends he should have been able to question Martin as an expert witness, but neither party proffered her as an expert witness.